IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAPHNE WILLIFORD                                                    PLAINTIFF

vs.                                    Civil No. 4:11-cv-04120

MICHAEL J. ASTRUE                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Daphne Williford ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The parties

have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this

case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-

judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum

opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff protectively filed her Title II application on April 13, 2009.  (Tr. 10, 123-126).  In

this application, Plaintiff claims to be disabled due to degenerative disc disease.  (Tr. 195).  Plaintiff

alleges an onset date of February 27, 2009.  (Tr. 10, 123).  This application was denied initially and

again upon reconsideration.  (Tr. 72-73).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

request was granted.  (Tr. 82-89).  Plaintiff's administrative hearing was held on April 18, 2011 in Texarkana, Arkansas.  (Tr. 29-71).  Plaintiff was present and was represented by Melynda Pearson at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Russell Bowden testified at this administrative hearing.  *Id.*  As of the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB).  *Id.*  Plaintiff also testified that she had completed four years of college and had obtained her bachelor's degree.  (Tr. 35-36).

On September 23, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 10-23).  In this decision, the ALJ determined Plaintiff last met the insured status requirements of the Act on December 31, 2010.  (Tr. 12, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of February 27, 2009 through her date last insured of December 31, 2010.  (Tr. 12, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: degenerative disk disorder of the cervical and lumbar spines, status-post fusion surgery; depression; and substance abuse disorder, in remission.  (Tr. 12-13, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 13-15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 15-21, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> I find that, through the date last insured, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b).  Specifically, she

2

could lift/carry 20 pounds on an occasional basis and frequently lift/carry 10 pounds. She can stand and/or walk for 2 hours during an 8-hour workday, but sit for 6 hours out of an 8-hour workday. She could occasionally perform activities requiring balancing, stooping, kneeling, crouching, or crawling, but never climbing ramps/stairs, ladders, ropes, or scaffolds. She had to avoid hazards, such as dangerous moving machinery and unprotected heights. She has no manipulative, visual, communicative, or environmental limitations. From the mental standpoint, she maintained the ability to learn, understand, remember and carry out simple instructions and tasks; use judgment in making simple work related decisions; respond and relate appropriately to others, such as co-workers and supervisors; maintain attention and concentration for at least two hour intervals, and, adapt to and deal with changes in work settings and environments.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 21-22, Finding 6). The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, consider her age, education, work experience, and RFC. (Tr. 22-23, Finding 9). The ALJ heard testimony from the VE on this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative sedentary occupations such the following: (1) semiconductor loader with 24,000 such jobs in the national economy and 2,400 such jobs in the regional economy; (2) eyeglass frame packager with 8,000 such jobs in the national economy and 800 such jobs in the regional economy; and (3) film inspector with 12,000 such jobs in the national economy and 1,200 such jobs in the regional economy. (Tr. 23). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, before or after February 27, 2009 (Plaintiff's alleged onset date) through December 31, 2010 (date of the ALJ's decision). (Tr. 23, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 1-3). On November 17, 2011, the Appeals Council declined to review this

3

unfavorable decision. *Id.* On December 12, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 5, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

## 2.  Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

4

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred in finding her impairments did not meet the requirements of Listings 1.02, 1.03, and 1.04; (2) the ALJ erred in discrediting her chronic pain, weakness, swelling of the legs and feet, and depression; and (3) the ALJ erred in failing to consider her for a closed period of disability. ECF No. 8. Because this Court agrees with Plaintiff's second argument and finds the ALJ improperly performed a *Polaski* evaluation and improperly evaluated her subjective complaints, this Court will only address the

second issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

6

Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with *Polaski* and did not give sufficient reasons for discounting Plaintiff's subjective complaints.  (Tr. 15-21).  Indeed, in his opinion, the ALJ summarized the medical records and then merely provided paragraph after paragraph of "canned" statements regarding the credibility of Plaintiff's subjective complaints.  (Tr. 15-21).  For instance, the ALJ stated the following:

> After considering, evaluating, analyzing and weighing all of the evidence of record, I find that the claimant's medically determinable impairments could product the alleged symptoms, but that the claimant's statement concerning the intensity, persistence and limiting effects of these symptoms are neither entirely credible, consistent with, nor supported by the preponderance of the medical and other evidence of record.

(Tr. 18).  The ALJ also stated the following:

> Consideration was also given to all the evidence related to the claimant's prior work history, the observations of non-medical third parties, as well as treating and examining physicians related to the above matters.  *Polaski v. Heckler,* 751 F.2d 943 (8th Cir. 1984) (subsequent history omitted) and (20 CFR 404.1529).

(Tr. 20).  As a final example, the ALJ stated the following:

> During the claimant's testimony, I closely observed claimant's demeanor and behavior, responses and manner of responses to questions, facial expressions and body dynamics, reactions in and to the hearing proceedings, and entrance and exit. I emphasize that my observations are only one factor, among many, on which I relied in reaching a conclusion regarding the credibility of claimant's allegations and residual functional capacity.

(Tr. 18).  Such formal, perfunctory statements are not sufficient to satisfy the requirements of *Polaski*.

7

The ALJ's failure to comply with *Polaski* and provide proper reasons for discounting Plaintiff's subjective complaints is especially egregious in this case because Plaintiff has a documented history of back pain and back problems.  Indeed, in 2009, Plaintiff underwent three different surgeries on her back and neck.  (Tr. 42).  However, instead of questioning Plaintiff regarding her back pain and repeated surgeries, the ALJ only focused his questioning upon personal, largely irrelevant issues.[3]  (Tr. 46-56).  While it was certainly within the ALJ's power to find Plaintiff was not credible, the ALJ must provide sufficient reasons for doing so, and such a credibility determination cannot be based upon his speculation alone as it appears it was in this case.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[4]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of December 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] For example, the ALJ asked Plaintiff the number of bedrooms in her mobile home.  (Tr. 49).

[4] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.